MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2015 ME 10
Docket:       Cum-14-204
Submitted
 On Briefs:   December 1, 2014
Decided:      January 29, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

## IN RE J.H. et al.

JABAR, J.

[¶1]  The father of J.H., J.H., J.H., and J.H appeals from a judgment of the Cumberland County Probate Court (*Mazziotti, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i) (2014).  We conclude that the court did not err in presuming jeopardy against the father pursuant to 22 M.R.S. § 4055(1-A)(A) (2014), and that the evidence supports the court's findings by a clear and convincing standard.  We therefore affirm the judgment.

## I.  BACKGROUND

[¶2]   The following facts are supported by competent record evidence.[1] *See In re B.C.*, 2014 ME 99, ¶ 16, 97 A.3d 1086.  On July 25, 2011, the father was at the mother's home in New Gloucester with the mother, the children, and the father's childhood friend, Trevor Mills.  Mills left the home to pick up food and, when he returned, the father shot him with a handgun.

---

[1] This evidence includes the facts from our decision in *State v. Hayden*, 2014 ME 31, 86 A.3d 1221, which was entered into the record by the agreement of the parties.

2

[¶3] The mother fled the home with the children just before Mills was shot. She placed three of the children in her vehicle, but could not drive away because her keys were inside the house. She then called 9-1-1 on her cell phone and reported that Mills had been shot and that the father was going to kill her in front of the children. The oldest son, then seven years old, stood on the lawn nearby. The father approached the mother and shot her as she pleaded for her life. The shooting occurred in full view of the oldest son and just feet away from the other children, who were sitting in the mother's car. The father then drove off in his vehicle, leaving the mother lying mortally wounded in the driveway.[2] The mother and Mills both died the next day.

[¶4] After the killings, the oldest son began to experience sleep loss, panic attacks, and nightmares. He and his brother continue to suffer from post-traumatic stress disorder.

## II. DISCUSSION

[¶5] The court presumed jeopardy against the father with respect to the oldest son pursuant to 22 M.R.S. § 4055(1-A)(A) based on its finding that the father, by murdering the mother in the oldest son's immediate presence, had "acted in callous disregard" for the oldest son's emotional well-being and had failed to

---

[2] The father was later arrested; convicted of two counts of intentional or knowing murder, 17-A M.R.S. § 201(1)(A) (2014); and sentenced to two concurrent terms of life in prison. On February 25, 2014, we affirmed his conviction and sentence. *Hayden*, 2014 ME 31, ¶¶ 1, 11, 86 A.3d 1221.

protect the oldest son from "a profound emotional injury" in a manner that is heinous and abhorrent to society.

[¶6]    Section 4055(1-A)(A) provides that the court may presume that a parent is unable or unwilling to protect a child from jeopardy and that these circumstances are unlikely to change within a time that is reasonably calculated to meet the child's needs if the parent has acted toward or failed to protect the child in a manner that is heinous or abhorrent to society.  The father argues that this presumption of jeopardy arises only when a parent inflicts physical harm upon a child, that the murder of the children's mother was not directed "toward" the oldest son, and that the presumption of jeopardy is therefore inapplicable.[3]  The court's interpretation of section 4055(1-A)(A) is a matter of statutory construction, which we review de novo.  *See In re M.B.*, 2013 ME 46, ¶ 26, 65 A.3d 1260.

[¶7] We reject the father's argument that the presumption applies only when a parent inflicts physical harm upon a child.  Although we have only had occasion to discuss this presumption in cases involving physical harm to a child, *see, e.g., In re Brandi C.*, 1999 ME 68, 728 A.2d 679, we have not restricted the

---

[3] The father also challenges the sufficiency of the evidence supporting the court's finding of jeopardy pursuant to 22 M.R.S. § 4055(1)(B)(2)(b)(i) (2014), and argues that the court erred in finding that termination of his parental rights is in the children's best interests.  We are not persuaded by these contentions and do not discuss them further.

presumption to acts that cause physical harm to a child, and do not do so here because emotional harm can create jeopardy in the same way as physical harm.[4]

[¶8]  We also reject the father's argument that the presumption does not apply because he did not act "toward" the oldest son when he killed the mother. By inflicting a mortal injury upon the mother in full view of the oldest son and then driving off, the father acted "toward" and failed to protect the oldest son from a "profound emotional injury" in a manner that is heinous and abhorrent to society.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Michael G. Keefe, Esq., Portland, for appellant father

Elizabeth J. Ernst, Esq., Douglas, Denham, Buccina & Ernst, Portland, for appellee grandparents

Cumberland County Probate Court docket number A-2013-14
FOR CLERK REFERENCE ONLY

---

[4]  *See* 22 M.R.S. § 4002(6)(A) (2014) (defining "jeopardy" as "serious abuse or neglect," as evidenced by, inter alia, "[s]erious harm or threat of serious harm"); 22 M.R.S § 4002(10)(B) (2014) (defining "[s]erious harm" to include "[s]erious mental or emotional injury or impairment which now or in the future is likely to be evidenced by serious mental, behavioral or personality disorder, including severe anxiety, depression or withdrawal, untoward aggressive behavior, seriously delayed development or similar serious dysfunctional behavior").